IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILSON JACKSON,

                                       OPINION AND ORDER

        Plaintiff,

                                       19-cv-366-bbc

    v.

DEPARTMENT OF JUSTICE, BRAD SCHEMEL,
JOSHUA KAUL, CINDY O'DONNELL, GARY BOUGHTON,
ELLEN RAY, J. PAYNE, WILLIAM BROWN, BRAD HOMPE,
L. ALSUM, EMILY DICKERSON, JOLINDA WATERMAN,
ANTHONY BROADBENT, TRINA KROENING, JILL DRESSLER,
LOURI NEUROTH, J. BROWN, SCHOFIELD, HANSEN,
DAGGENHARDT, SNYDER-MYER, J. JENSEN, MALACHY,
BROCKWAY, CO II MUM, SGT. ALLEN, SGT. EAGLEBURGER
and JANE AND JOHN DOES,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se plaintiff Wilson Jackson, who is incarcerated at the Wisconsin Secure Program Facility, has filed a civil action under 42 U.S.C. § 1983, contending that various state agencies and officials and prison employees violated his constitutional rights, particularly with respect to his meals. His complaint is before the court for screening under 28 U.S.C. § 1915A. In addition, plaintiff has filed a motion for a preliminary injunctive relief that is also before the court. Dkt. #10.

        Having reviewed plaintiff's complaint, I conclude that it violates Rule 8 of the Federal Rules of Civil Procedure because it is difficult to understand and fails to provide sufficient information for this court to determine whether (1) subject matter jurisdiction exists or (2)

1

whether plaintiff would be entitled to any relief against any of the named defendants. Although I am dismissing the complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claims more clearly. Plaintiff's motion for a preliminary injunction will be denied.

OPINION

A. Constitutional Claims

Plaintiff has filed an incoherent, 28-page document in which he accuses defendants of being "imposters," "masquerading" as state employees who are defrauding the courts and persecuting him. In the first several pages, he cites what appear to be various filings in state court cases with no apparent relevance to any federal cause of action and refers generally to a prisoner's right to complain about health care and breaches of medical confidentiality. With respect to a few specific incidents, plaintiff alleges that: (1) he filed several complaints in August and September of 2018 about members of the food service department (in particular defendant Daggenhardt) whom he believes pose a threat to his health because they wear dirty clothing, engage in unsanitary behaviors while handling prisoners' food and have communicable diseases; (2) he is on a special meal plan that some food service workers either fail to follow or fail to provide him, depriving him of proper nutrition; (3) he has become physically and psychologically ill after failing to receive his medically-prescribed meals; and (4) inmate and correctional complaint examiners (who seem to include defendants Brad Hompe, L. Alsum, Emily Dickerson, Ellen Ray, J. Payne and William Brown) improperly

2

rejected his complaints on the ground that they fail to comply with the format or procedure required by the prison. In addition to damages, plaintiff seems to want to be placed on a "sealed meal" diet to avoid further health risks and contamination.

Although plaintiff lists in his complaint several constitutional amendments that he believes provide him certain rights, it is difficult to ascertain the exact nature of plaintiff's claims because he has not provided enough information about what happened, who was involved or how his constitutional rights were violated in each instance. Some of plaintiff's allegations may implicate his rights under the Eighth Amendment, which protects prisoners from cruel and unusual punishment. To prevail on a claim under the Eighth Amendment, a prisoner must show that a prison official was "deliberately indifferent" to a "substantial risk of serious harm" to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the officials are aware that the prisoner faced a substantial risk of serious harm, but disregard the risk by consciously failing to take reasonable measures to prevent it. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996).

Plaintiff has sued many parties, but it is far from clear how he believes each of them wronged him in a way that can be remedied in a civil rights lawsuit. Plaintiff fails to discuss most of the individual defendants in the body of his complaint. Under federal pleading rules, "[e]ach defendant is entitled to know what he or she did that is asserted to be

wrongful." Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013). See also Fed. R. Civ. P. 8. Further, a defendant cannot be held liable for a constitutional violation unless he or she was personally involved in the alleged conduct. Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012).

Because plaintiff's complaint is so incoherent or vague that the court cannot determine whether subject matter jurisdiction exists or whether the complaint states a claim for relief, I will give him an opportunity to file an amended complaint that clarifies his claims. Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. This means he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. He should take care to identify each defendant and the specific actions taken by each defendant whom he believes violated his rights. Plaintiff should also make clear whether each defendant is a prison or government employee or not. Finally, plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting a complaint, he should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

It is unlikely that plaintiff will be able to state a claim against high-level officials like the Wisconsin attorney general, the Secretary of the Department of Corrections and the warden of the prison, whom he names as defendants. It is not enough to show that a particular defendant is the supervisor of someone else who committed a constitutional

violation.  Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

In addition, plaintiff should be aware of the limitations of Fed. R. Civ. P. 20.  Plaintiff may join claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605 (7th Cir. 2007).  If plaintiff wishes to challenge unrelated matters against different defendants, he will have to file separate lawsuits.

Plaintiff may have until August 16, 2019 to provide an amended complaint.  If plaintiff does not file an amended complaint by that date, the court will dismiss and close this case.

### B.  Motion for Preliminary Injunction

Plaintiff's motion is procedurally defective because it fails to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to plaintiff with this order.  Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings.  Plaintiff has not submitted proposed findings of fact or any evidence to support those findings.

However, even if plaintiff's motion was not facially flawed, I would deny it on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff's conclusory allegation that he is "under the imminence of death/torture/pain/deterioration/harm at the hands of defendants" does not meet this standard.

ORDER

IT IS ORDERED that plaintiff Wilson Jackson's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until August 16, 2019 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by August 16, the clerk of court is directed to close this case.

Entered this 26th day of July, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge