IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERI LYNN WILSON,

        Plaintiff,

                                OPINION AND ORDER

    v.

                                19-cv-295-wmc

THE TITLE TEAM LLC,
DITECH FINANCIAL LLC,
JUDICIARY COURTS OF THE
STATE OF WISCONSIN and
ROETHE POPE ROETHE LLP,

        Defendants.

and UNITED STATES OF AMERICA,

        Putative Relator Plaintiff.

---

*Pro se* plaintiff Teri Lynn Wilson filed this suit as "Relator for the United States the plaintiff," but seeks to challenge foreclosure proceedings on her own property that have been taking place in Rock County, Wisconsin. In particular, Wilson claims that defendants Title Team LLC, Ditech Financial LLC, the State of Wisconsin Judiciary and Roethe Pope Roethe LLP conspired to simulate a legal process in which they unjustly seized her real and personal property.

While Wilson does not explicitly invoke the False Claims Act, it appears that she is seeking to proceed on such a claim. Indeed, after Magistrate Judge Oppeneer issued an

1

order that failed to list the United States as party, Wilson filed a motion for reconsideration, asking that the United States be added as a party. (Dkt. #4.) That motion will be granted, and the court has amended the caption to include the United States of America as putative plaintiff. Also pending before the court is Wilson's motions for leave to proceed *in forma pauperis*, declaratory judgment and miscellaneous relief (dkt. ##5, 9, 10).

Since Wilson is seeking to proceed *in forma pauperis*, the court must screen her complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismiss any claim. Even reviewing all of the filings in this matter under the generous pleading afforded *pro se* litigants, this complaint must be dismissed for the reasons set forth below.

BACKGROUND

Wilson claims that defendants Title Team LLC, Ditech Financial LLC, the State of Wisconsin Judiciary and Roethe Pope Roethe LLP conspired to "simulate" a legal process in which they unjustly seized her real and personal property. More specifically, Wilson claims that defendants worked together to falsify documents leading up to a foreclosure proceeding in state court, *Ditech Financial LLC v. Teri L. Wilson*, Case No. 2018CV136 (Rock Cty.), *available at* https://wcca.wicourts.gov (last visited March 9, 2020). The publicly available record of that foreclosure proceeding indicates that the Rock County Circuit Court entered an order confirming the sale of the mortgaged premises and issued a monetary judgment against Wilson in the amount of $41,790.57 to Ditech Financial LLC.

Wilson claims that the state proceedings are riddled with false statements and coercion, and she has been "terrorized" by state court officials involved in the process. In this lawsuit, Wilson requests an order "authenticating her fee-simple title to the land in dispute," the return of the value of her security, damages, and that the United States arrest those responsible for violating her rights.

OPINION

As an initial matter, Wilson may not proceed on a claim under the False Claims Act. The False Claims Act allows private citizens, called relators, to bring *qui tam* suits against alleged fraudsters on behalf of the United States government. *See* 31 U.S.C. § 3730(b); *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000). The False Claims Act imposes liability against any person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; [or] (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

31 U.S.C. § 3729(a)(1)-(3); *see also United States ex re. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005).

The protections of False Claims Act do not bear any relationship to Wilson's vague, personal grievances as alleged in her complaint, all of which relate to her own financing agreements and foreclosure proceedings against her as an individual. Moreover, there is *no*

indication that federal funding or programs were involved, even tangentially, in the foreclosure proceedings she seeks to challenge. Finally, her allegations do not support a reasonable inference that any of the defendants made a false statement to the federal government related to Wilson's mortgage or debt.

Even ignoring these obvious flaws in Wilson's attempt to invoke the False Claims Act claim, her claims are a non-starter by virtue of her *pro se* status alone, since a relator must either be licensed as a lawyer or represented by a lawyer to maintain a suit on behalf of the government. *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013). Wilson does not represent that she is licensed to practice law, nor that the government intends to intervene. Accordingly, even assuming that Wilson had alleged facts implicating the False Claims Act, she would not be able to maintain this suit as a *qui tam* action.

Wilson has not otherwise outlined any claim over which this court may exercise jurisdiction. On the contrary, to the extent that Wilson alleges injury arising out of a state court order entered against her, review of her allegations is severely constrained by the *Rooker-Feldman* doctrine,[1] which bars a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Moreover, a litigant may not avoid the *Rooker-Feldman* doctrine simply by casting a complaint in the form of a civil rights action,

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983).

as Wilson appears to be attempting to do here. *See Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Instead, litigants who feel that a state court proceeding has violated their federal constitutional rights must appeal that judgment through the state court system, and then as appropriate to the United States Supreme Court. *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1990). There is no opportunity for a "reset" or "do over" at the federal district court level. *Id*. Accordingly, Wilson's complaint must be dismissed for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. Teri Lynn Wilson's motion for reconsideration (dkt. ##4, 8) is GRANTED.
2. Wilson's request for leave to proceed (dkt. #5) is DENIED and the complaint is DISMISSED for failure to state a claim upon which relief can be granted.
3. Wilson's motions for declaratory judgment and miscellaneous relief (dkt. ##9, 10) are DENIED.

Entered this 20th day of March, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge