IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILSON JACKSON,

                  Plaintiff,

        v.

JILL DRESSLER, LOURI NEUROTH, J. BROWN,
SCHOFIELD, HANSEN, DAGGENHARDT,
SNYDER-MYER, J. JENSEN, MALACHY and
BROCKWAY,

                  Defendants.

OPINION AND ORDER

19-cv-366-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Wilson Jackson, who is incarcerated at the Wisconsin Secure Program Facility, is proceeding on Eighth Amendment claims that defendants Louri Neuroth, Jill Dressler, J. Brown, Schofield, Hansen, Daggenhardt, Snyder-Myer, J. Jensen, Malachy and Brockway denied him several sealed meal bags that had been prescribed by his physician; and a First Amendment claim that defendant Neuroth ordered food service staff not to deliver his sealed meal bags in retaliation for him complaining about the unsanitary practices of the prison's chef.  Before the court is defendants' motion for summary judgment in which defendants argue that plaintiff failed to exhaust his administrative remedies before filing this lawsuit.  Dkt. #25.  Plaintiff was granted a motion for an extension of time within which to file a brief in opposition to defendants' motion for summary judgment, dkt. #31, but he failed to do so.  Rather, after his new response deadline had passed, he filed a motion for the court to find certain "presentments" to be true and a motion to compel.  Dkt. ##32-33.  Although the motions are difficult to understand, plaintiff seems to seek "notices of claims

1

packets, original and amended complaints," including all of his inmate complaints and any communications related to them, from June 2012 to the present.  Id.  However, almost two months before plaintiff filed his motions, defendants had filed along with their motion for summary judgment, a certified copy of plaintiff's inmate complaint history report (dated April 2012 to December 2019) and copies of the complaint and appeal documents relevant to the instant lawsuit.  Dkt. #28.

For the reasons below, I am granting defendants' motion for summary judgment and dismissing this case.  Plaintiff's motion to find certain presentments to be true and motion to compel will be denied as moot.


OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require."  Pozo, 286 F.3d at 1025.  The purpose of these requirements is to give the jail or prisoner administrators a fair opportunity to resolve

the grievance without litigation.  Woodford v. Ngo, 548 U.S. 81, 88–89 (2006).  A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendants.  Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

To exhaust remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code Ch. DOC 310.  Wis. Admin. Code § DOC 310.05.  An inmate may use the inmate complaint review system to raise civil rights claims and issues regarding policies, rules, living conditions or employee actions that personally affect the inmate or institution environment.  Wis. Admin. Code § DOC 310.06(1) and (2).  An inmate complaint must be filed within 14 calendar days after the occurrence giving rise to the complaint, but the inmate complaint examiner may accept a late complaint for good cause.  Wis. Admin. Code § DOC 310.07(2).  However, the inmate must request permission "to file a late complaint in the written complaint and explicitly provide the reason for the late filing."  Id.  Inmate complaints also must meet specific requirements, including being submitted on a form provided by the department and not exceeding 500 words or two pages.  Wis. Admin. Code § DOC 310.07(3).

After receiving an inmate complaint, the inmate complaint examiner must accept, return or reject it.  Wis. Admin. Code § DOC 310.10(2).  If the inmate complaint examiner accepts the complaint, he or she may recommend to the reviewing authority that the complaint may be affirmed or dismissed.  Wis. Admin. Code § DOC 310.10(12).  The inmate complaint examiner may return a complaint within 10 days if it does not meet the required format or other criteria specified in Wis. Admin. Code § DOC 310.07 to permit the

inmate to resubmit a corrected complaint within 10 days.  Wis. Admin. Code § DOC 310.10(5).  The inmate complaint examiner also may reject an inmate complaint for various reasons, such as untimeliness or mootness.  Wis. Admin. Code § DOC 310.10(6).  An inmate has 10 days to appeal a rejected complaint to the reviewing authority, whose decision is final.  Wis. Admin. Code § DOC 310.10(10).  If the inmate is dissatisfied with the reviewing authority decision, he may file an appeal to the corrections complaint examiner within 14 days, and the corrections complaint examiner will recommend a decision to the secretary.  Wis. Admin. Code § DOC 310.12.

The facts relevant to defendants' motion are undisputed.  Although plaintiff filed several inmate complaints in 2018, he only filed one related to his meals.  Plaintiff's inmate complaint history report shows that he filed inmate complaints on September 6 and 11 and throughout October 2018 regarding a variety of issues, but none of those complaints related to his meals.  Dkt. #28-1 at 3-4.  On December 11, 2018, plaintiff filed inmate complaint WSPF-2018-25332, alleging that health services unit staff members—none of whom are defendants in this lawsuit—improperly discontinued the order or prescription for his snack meal bags.  The inmate complaint examiner found that plaintiff's snack meal bag order had expired and not been renewed.  In addition, the staff members whom plaintiff named in the complaint were not responsible for renewing or discontinuing the snack meal bags.  Plaintiff's inmate complaint was dismissed, and the reviewing authority agreed with the dismissal.

Defendants contend that because plaintiff did not file a complaint about food service

workers not delivering his prescribed meals or retaliation, he failed to exhaust his administrative remedies.  I agree.  The December 11 inmate complaint relates to a health services unit decision to discontinue the prescription of special meal bags and not the refusal by food service workers to deliver meal bags that he was supposed to receive pursuant to an existing order from his physician.  Although both events relate to plaintiff's meals, they involve discreet actions by separate sets of individuals.

In addition, plaintiff is proceeding on a claim that defendants refused to deliver his meal bags for a period of about 11 days in early September 2018.  Dkt. 16 at 3-4 (setting forth specific allegations in plaintiff's complaint).  Under the inmate complaint review system, plaintiff was required to file an inmate complaint within 14 days of the occurrence of the event giving rise to the complaint.  He did not do so.  The allegations in plaintiff's complaint suggest that he filed inmate complaints about his missing meals on September 6 and 7, 2018 and in October and November 2018, but that the inmate complaint examiner rejected his complaints on the ground that plaintiff did not comply with the required format, including 500-word and two-page limitations.  Wis. Admin. Code § DOC 310.07(3).  However, plaintiff has not presented any evidence in support of these allegations or alleged that he corrected the rejected complaints or appealed their rejection within the required time period for doing so.  Therefore, even if plaintiff had submitted timely inmate complaints that failed to meet the format requirements in the administrative code, plaintiff failed to properly take each step within the administrative process by following instructions for filing an inmate complaint and all necessary appeals in the manner required by the administrative

rules.  <u>Pozo</u>, 286 F.3d at 1025.

Because the undisputed evidence shows that plaintiff failed to exhaust his administrative remedies, I am granting defendants' motion for summary judgment and dismissing plaintiff's complaint without prejudice.  <u>Ford v. Johnson</u>, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).


ORDER

IT IS ORDERED that

1.  The motion for summary judgment filed by defendants Louri Neuroth, Jill Dressler, J. Brown, Schofield, Hansen, Daggenhardt, Snyder-Myer, J. Jensen, Malachy and Brockway, dkt. #25, is GRANTED.  Plaintiff Wilson Jackson's claims are DISMISSED without prejudice for his failure to exhaust his administrative remedies before filing suit.

2.  Plaintiff's motion to find certain presentments to be true, dkt. #32, and his motion to compel, dkt. #33, are DENIED as moot.

3.  The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 11th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge